*964 OPINION.
Lansdon:
The petitioner contends that it is not taxable on the income in question since it did not own the Horton property during the taxable years. It contends that the property was owned by Mills.
The facts show clearly that Mills received all income from the Horton property and paid it to the creditor banks. Whether he received it as trustee or as president of petitioner we are unable to determine from the facts. The trust instrument provides that petitioner should receive the Horton property in exchange for its stock and that it would pay the income therefrom to Mills for distribution to the creditors. Mills received a conveyance of the Horton property from the individuals. He also held petitioner’s stock, which had been issued to the individuals in exchange for the Horton property. In such circumstances we think the petitioner is taxable on the income in controversy. Amounts received from the sale of oil belonged to petitioner until distributed to the individuals and by them paid to their creditors. Under the terms of the trust Mills paid the amounts directly to creditors of the individuals, which can not affect tax liability. Cf. Gold & Stock Telegraph Co., 26 B. T. A. 914.
Reviewed by the Board.
Decision will he entered for the respondent.